**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 19 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

ANGEL GONZALEZ-GOMEZ, also
known as Angel Munoz Gomez, also
known as Angel Gomez-Gonzales,

    Defendant-Appellant.

No. 02-4232
(D. Utah)
(D. Ct. No. 2:02-CR-388-TS)

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Angel Gonzalez-Gomez challenges the district court's denial of a downward adjustment for acceptance of responsibility pursuant to USSG § 3E1.1(a).[1] Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we affirm.

Gonzalez-Gomez was charged with one count of illegal reentry of a deported alien in violation of 8 U.S.C. § 1326. On August 16, 2002, the same day of Gonzalez-Gomez's trial, he very reluctantly pled guilty. Prior to sentencing, Gonzalez-Gomez informed the assigned probation officer of his intent to return to the United States despite agreeing not to.[2] The district court subsequently determined that Gonzalez-Gomez was not entitled to a reduction of his sentence for acceptance of responsibility because his plea was untimely, reluctantly given, and because he did not fully accept responsibility for his conduct by declaring his intent to return to the country without permission.

We review the district court's determination of whether a defendant has

_____

[1] United States Sentencing Commission, *Guidelines Manual*, § 3E1.1(a) (Nov. 2002).

[2] In his plea agreement, Gonzalez-Gomez agreed "to remain outside the United States unless given the express permission to legally reenter the United States by the United States Attorney General." (R. Vol. I, Doc. 24 at 4.) The Presentence Report indicates: "During the presentence interview, the defendant was asked what he planned to do after he is released from custody and is deported to Mexico. He stated he continues to return to the United States because he likes it here, and plans to return again." (R. Vol. IV at 4, ¶ 11.) These facts fairly demonstrate an intent on the part of Gonzalez-Gomez to return to the United States without permission from the Attorney General.

accepted responsibility for clear error. *United States v. Saffo*, 227 F.3d 1260, 1271 (10th Cir. 2000), *cert. denied*, 532 U.S. 974 (2001). Because "[t]he sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility . . . the determination of the sentencing judge is entitled to great deference on review. USSG § 3E1.1, comment. (n.5).

Gonzalez-Gomez contends he should have received a downward adjustment because he (1) pled guilty before trial, (2) freely admitted his guilt, and (3) meant to state he would only return to the United States legally. The government counters that Gonzalez-Gomez did not convincingly demonstrate acceptance of responsibility because he (1) reluctantly pled guilty, (2) pled guilty on the day trial was to begin, which forced the government to expend considerable resources in preparing for trial, and (3) declared his intent to continue the kind of criminal conduct for which he was charged.

Having carefully reviewed the record, we cannot conclude the district court clearly erred in refusing to grant the departure. The Guidelines allow the district court to consider forthright admission of guilt, the timeliness of a defendant's guilty plea, as well as his intent to terminate his criminal conduct in determining whether he manifests an acceptance of responsibility. USSG § 3E1.1, comment. (n.1(a), (b), (h)), (n.3). Clearly, Gonzalez-Gomez's reluctant plea on the day of trial, coupled with his declared intent to continue to violate the law as he had

done previously, undermines his argument that he accepts responsibility for his criminal conduct.

For the foregoing reasons, we **AFFIRM** Gonzalez-Gomez's sentence.

**Entered by the Court:**

**TERRENCE L. O'BRIEN**
United States Circuit Judge